106 F.3d 425
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Michael J. COLLINS, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 97-3005.
 United States Court of Appeals, Federal Circuit.
 Jan. 13, 1997.
 
 Before PLAGER, CLEVENGER, and BRYSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael J. Collins ("Collins") was removed by the United States Postal Service ("Postal Service") from his position as a clerk based upon his being absent without official leave ("AWOL") on multiple occasions and not being regular in attendance. Collins appealed his removal to the Merit Systems Protection Board ("MSPB" or "Board"). The MSPB sustained the removal action. Collins now appeals from the Board's final decision. We affirm.
 
 DISCUSSION
 
 2
 Prior to his removal, Collins had been suspended three times and given two warning letters for failing to be regular in attendance and being AWOL. In addition, he had signed a Last Chance Agreement (LCA) with the Postal Service. The LCA provided that he "must immediately become and remain regular in attendance" and that he was required to furnish acceptable documentation for any emergency annual leave. After signing the LCA, Collins was AWOL four times, went on unscheduled leave six times, and did not provide supporting documentation to support his absences as required by the LCA. The Postal Service charged Collins for violating the terms of the LCA, being AWOL, and failing to be regular in attendance. After Collins failed to respond to the charges, the Postal Service removed Collins from his position. Collins appealed the charges and complained of a due process violation to the MSPB. Based on its findings that Collins had been AWOL on numerous occasions and had not been regular in attendance, the Board upheld all three charges. In addition, the Board found the penalty reasonable and determined that Collins had failed to prove harmful procedural error.
 
 
 3
 On appeal, Collins does not refute that he was AWOL over thirty times and took unscheduled leave about thirty times. Thus, we uphold the Board's decision in sustaining the charges against Collins of being AWOL and not being regular in attendance. However, Collins does attempt to refute the charge of violating the LCA by contending that the LCA is not binding on him because he did not have representation with him when he signed the agreement. Even if Collins did not violate the LCA because it was not binding on him, his history of being AWOL and taking unscheduled leave is enough to support the Board's finding that the penalty was reasonable. In addition, Collins contends that if the LCA is valid and binding, then he was deprived of due process because the Postal Service representative who signed the LCA did not have the authority to do so. However, Collins has not satisfied his burden of proof to show how he was prejudiced by the actions of the Postal Service regarding the LCA. Thus, we affirm the Board's findings and conclusions because they are not obtained without procedure required by law, rule, or regulation having been followed; or unsupported by substantial evidence. See 5 U.S.C. § 7703(c).